STATE ex rel. VON HOFFMAN PRESS, INC., a Missouri Corporation, Relator,

v.

The Hon. Milton SAITZ, Judge of the Circuit Court of St. Louis County, Division # 17, Respondent.

No. 42513.

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 19, 1980.

---

Gary L. Vincent, James D. Eckhoff, St. Louis, for relator.

Larry R. Ruhmann, Div. of Employment Sec., Jefferson City, for respondent.

DOWD, Presiding Judge.

In August of 1976, the Missouri Department of Revenue ordered Relator, Von Hoffman Press to pay an additional use tax of approximately $60,000. In December of that year, Relator was granted a hearing in connection with its petition for reassessment or abatement. The Revenue Hearing Officer affirmed in all respects the original additional assessment.

Relator then filed his petition for review by the Circuit Court of St. Louis County. Relator alleged that the additional taxes were erroneously assessed against it and should have been assessed against various out-of-state companies from which Relator had made purchases during the tax assessment period. Relator alleged that these companies were not issued exemption certificates and were, therefore, required to collect a sales tax. It was Relator's position that the Department of Revenue should be required to collect the amount assessed against Relator as use taxes from these companies as sales taxes. To support its theory Relator filed a subpoena duces tecum on deposition requesting the Division of Employment Security to appear and produce:

"1. Each and every, all and any reports or returns filed with the Division of Employment Security showing the Companies' contributions to the unemployment compensation fund as required by § 288.090, RSMo and 8 CSR 10–4.030 of the Missouri Division of Employment Security.

"2. Each and every, all and any reports or returns designated 'Report on Employment Experience' filed with the Division of Employment Security by the companies as required by § 288.130, RSMo and 8 CSR–4.020 of the Missouri Division of Employment Security."

The Division of Employment Security moved to quash the subpoena and the motion was sustained on the grounds that the documents sought were confidential pursuant to § 288.270, RSMo 1969. Relator filed a petition for a writ of mandamus requesting that this court order the Honorable Milton Saitz to enforce the subpoena duces tecum. After considering Relator's petition and the suggestions filed in opposition this court granted the Preliminary Writ of Mandamus.

Department of Revenue Regulation 12 CSR 10–4.085 states that out–of–state vendors who have sufficient contacts with the State of Missouri must pay sales taxes. Those vendors not subject to sales taxes are subject to use taxes. By inspecting the documents requested from the Division of Employment Security Relator contends that it can establish that the out–of–state companies from which it made purchases had sufficient contacts with the State of Missouri to be held liable for the payment of sales taxes. Specifically Relator claims that the documents will reveal the number of persons employed in Missouri by each company and the wages paid to those employees. Relator is also interested in establishing whether any of the companies have employees who solicit orders or maintain offices in Missouri, Relator claims that this information is vital to its petition for review because if it can prove that the companies have sufficient contacts with Missouri

to render them liable for sales taxes, Relator will be exempt from paying use taxes in the assessed amount.

The Director of Division of Employment Security does not disagree with Relator's interpretation of the taxing statute but rather claims that § 288.250, RSMo 1969 [1] mandates strict confidentiality of this type of information. It is the director's position that § 288.250 evidences a clear legislative intent to preserve the confidentiality of all information submitted to the Division of Employment Security. The director asserts that such confidentiality is necessary to insure complete and honest reporting by those affected by the law and claims that subjecting records from the Division of Employment Security to the subpoena power of the courts would not only affect the accuracy of the records but would unduly burden the staff of the Division. The director contends that if this court holds that the Division's records are subject to the trial court's scrutiny a dangerous precedent will be set in that any private individual will be able to obtain access to Division records merely by protesting a tax matter.

We believe the director's contentions and fears are unfounded and that the Relator must be allowed access to these records. Section 288.250, RSMo 1969 explicitly permits inspection of information obtained from employers or, individuals by "public employees in the performance of their public duties, . . . claimants, or employing units of their authorized representative." This language refutes the director's contention that the legislature intended to cloak this type of information with an absolute privilege.[2] Relator does not wish to use the information obtained for the purpose of subverting the purpose of the Employment Security Law but merely as evidence of the employment practices of certain out-of-state companies. We fail to see how this use of the information will affect honesty in reporting to the Division particularly in light of the broad subpoena power afforded it under § 288.230, RSMo 1969. Once the Relator is granted access to the necessary documents, the director may request a protective order whereby the court may limit the discovery procedure to provide Relator with the required information and protect the interests of other parties involved. Rule 56.01.

While it is true that the staff of the Division of Employment Security may be required, as a result of this ruling, to expend extra effort in making this information available to the Relator, in this situation where a fair hearing is at stake, additional man hours cannot be a consideration.

The director's final contentions, that allowing the Relator access to these documents will open the door to similar requests and that Relator should seek to obtain this information from the companies themselves are not persuasive. We do not read § 228.-270, RSMo 1969 as strictly limiting its appli-

1. § 288.250, RSMo 1969 provides that:
   "Information obtained from any employing unit or individual pursuant to the administration of this law, shall be held confidential and shall not be published or be open to public inspection (other than to public employees in the performance of their public duties) in any manner revealing the individual's or employing unit's identity, but any claimant or employing unit or their authorized representative shall be supplied with information from the division's records to the extent necessary for the proper preparation and presentation of any claim for unemployment compensation benefits or protest of employer liability. In addition, upon receipt of an employing unit, the division will supply information concerning the payment of benefits from the employer's account and the unemployment compensation fund, including amounts paid to specific claimants. Any information obtained by the division in the administration of this law shall be privileged and no individual or type of organization shall be held liable for slander or libel on account of any such information."

2. Representatives of the Department of Revenue, as "public employees" would have access to these records for tax assessment purposes. If we deny the party protesting the assessment access to such information, hearings, such as the one in the case before us, where out-of-state companies are involved, will be weighted heavily in favor of the Department of Revenue. In addition § 288.251, RSMo 1969 provides for the exchange of so called privileged information between the Division of Employment Security and various not-for-profit agencies.

cation to records obtained by the Division of Employment Security. It is possible that the companies involved could also attempt to invoke the privilege defined by this statute. Furthermore, it is more expeditious for Relator to obtain this necessary information from a central source.

The preliminary writ of mandamus issued by this court is hereby made absolute.

REINHARD and CRIST, JJ., concur.